**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-2360WM

Roderick L. Garrett,       *
                                   *

         Appellant,     *

                                   *     Appeal from the United States

    v.                   *     District Court for the Western

                                   *     District of Missouri.

United States of America,   *

                                   *

         Appellee.      *     [UNPUBLISHED]

———————————

Submitted:  April 17, 1997

Filed:  May 13, 1997

———————————

Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and
    FAGG, Circuit Judges.

———————————

PER CURIAM.

A jury convicted Roderick L. Garrett of conspiracy to distribute cocaine base, possession of a firearm by a convicted felon, and using a firearm during a drug trafficking offense. The district court sentenced Garrett to 135 months on the drug conspiracy count, 120 concurrent months on the felon-in-possession count, and sixty consecutive months on the § 924(c) gun use count, for a total sentence of 195 months. Garrett challenged his convictions on direct appeal, and we affirmed. See United States v. Garrett, 961 F.2d 743 (8th Cir. 1992). In 1994, Garrett filed a pro se 28 U.S.C. § 2255 motion to vacate his § 924(c) gun use sentence, asserting his sentence was illegal because the district court should have enhanced his drug sentence for possession of a firearm instead. See U.S. Sentencing Guidelines Manual §

2D1.1(b)(1) (1996). After the Supreme Court decided <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995) (narrowing definition of "using" firearm within meaning of § 924(c)), Garrett amended his § 2255 motion to include a claim that his gun sentence should be vacated based on <u>Bailey</u>. The Government agreed Garrett's gun sentence should be vacated in light of <u>Bailey</u>, but asserted the district court should enhance Garrett's drug sentence for his possession of a firearm under § 2D1.1(b)(1). The district court set aside Garrett's gun sentence, found the § 2D1.1(b)(1) enhancement applied, and resentenced Garrett to 168 months on the drug charge.

Garrett appeals, arguing the district court lacked jurisdiction to resentence him on the unchallenged drug charge in this § 2255 proceeding, and his resentencing violates double jeopardy and due process. Garrett's arguments fail for two reasons.

First, Garrett attacked his drug sentence in his § 2255 motion. Garrett requested the § 2D1.1(b)(1) enhancement of his drug sentence rather than the longer sixty month term for using a firearm in violation of § 924(c). Garrett received just what he asked for. The district court vacated Garrett's firearm use sentence and replaced it with the drug sentence enhancement, resulting in a total sentence reduction of twenty-seven months. Because Garrett challenged his drug sentence, the district court had power to correct it under the plain language of 28 U.S.C. § 2255. <u>See</u> 18 U.S.C. § 3582(c)(1)(B) (1994).

Second, even if Garrett had not challenged his drug sentence in his § 2255 motion, his arguments are foreclosed by our recent decision in <u>United States v. Harrison</u>, No. 96-2544, slip op. (8th Cir. May 9, 1997). In <u>Harrison</u>, we held 28 U.S.C. § 2255 gives district courts jurisdiction to enhance an unchallenged drug

sentence for possession of a firearm after vacating the defendant's sentence for using a firearm in violation of § 924(c). See id. at 3-4. The § 2D1.1(b)(1) drug sentence enhancement and the § 924(c) firearm conviction are interdependent. See id. To correct a § 2255 defendant's sentence after a successful attack on a § 924(c) firearm conviction, the district court must revisit the defendant's drug term to consider the § 2D1.1(b)(1) enhancement. See id. In these circumstances, resentencing does not violate double jeopardy or due process. See id. at 4-5.

We thus affirm Garrett's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.